IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARRIOTT INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMCO INSURANCE COMPANY, ) <br> ) <br> Serve at: Department of Insurance ) <br> 301 West High St., Room 530 ) <br> Jefferson City, MO 65101 ) <br> ) <br> and ) <br> ) <br> 1 Nationside Plaza, DSPF - 76 ) <br> Columbus, OH 43215 ) <br> ) <br> ERNIE WHITE, ) <br> ) <br> Serve at: 5671 Rocky Mountain Ave. ) <br> Columbia, MO 65201 ) <br> ) <br> COLUMBIA HOTELS, INC., ) <br> ) <br> Serve at: Attn: George Pate ) <br> 1716 Jefferson Street ) <br> Jefferson City, MO 65109 ) <br> ) <br> Defendants. ) | Case No. <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

**COUNT I – DECLARATORY JUDGMENT**

COMES NOW Plaintiff, Marriott International, Inc. ("Marriott"), by and through its undersigned attorneys, Hinshaw & Culbertson LLP and Terese A. Drew, pursuant to Rule 57 of F. R. Civ. Pro. and for Count I for Declaratory Judgment, states as follows:

1. Marriott is a Delaware corporation having its principal place of business in the State of Maryland and licensed to do business in the state of Missouri.

2. AMCO Insurance Company ("AMCO") is an insurance company authorized to issue insurance policies in the State of Missouri.

3. AMCO Insurance Company is a Iowa corporation with its principal place of business in Iowa.

4. Marriott entered into a Franchise Agreement with Columbia Hotels, Inc ("Columbia") for the operation of the Columbia Fairfield Inn located in Columbia, MO, which went into effect on May 22, 1998.

5. Marriott terminated the Franchise Agreement with Columbia Hotels, Inc. for the Columbia Fairfield Inn on November 19, 2007. A copy of the Termination Agreement and Release between Marriott and Columbia is attached as Exhibit A and a copy of the Amendment to the Termination Agreement and Release is attached as Exhibit B.

6. On or about July 21, 2008, Ernie White ("White") filed a Petition for Wrongful Death against several defendants including Plaintiff Marriott, arising out of the death of his mother on November 24, 2007 at the Comfort Inn. A copy of the Petition is attached as Exhibit C.

7. The allegations in the Petition as to Marriott address alleged actions and or omissions of Marriott that occurred prior to the termination of the Franchise Agreement with Columbia.

8. Pursuant to the Franchise Agreement, Columbia was to obtain insurance coverage for the property and specifically to provide insurance coverage to Marriott, the franchisor.

9. Columbia secured insurance coverage through AMCO Insurance Company.

10. AMCO issued an insurance policy to Columbia Hotels, Inc., policy number ACP BPM 7190284089. A copy of said policy is attached hereto as Exhibit D.

11. White seeks damages from Plaintiff Marriott arising out of events that allegedly occurred prior to the termination of the Franchise Agreement between Plaintiff Marriott and Defendant Columbia Hotels, Inc.

12. The Franchise Termination Agreement and Release provides under Section 2(a)(ii):

> (a) The rights of Marriott and its affiliates, and the duties and obligations of Franchisee that by their nature or by the express language of the Franchise Agreement survive termination, expiration, or transfer of the Franchise Agreement shall remain in full force and effect and survive the Termination Date. Without limiting the generality of the foregoing, Franchisee acknowledges and agrees that it shall remain liable to Marriott and its affiliates, for
>
> (ii) all indemnification and hold harmless obligations of the Franchisee, including for claims that arise after the Termination date out of events that occurred prior to the Termination date.

13. The policy issued by AMCO provides coverage to Marriott concerning the allegations alleged in the *White* Petition.

14. Marriott has made demand on AMCO to defend and indemnify it in the *White* suit.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332, based on diversity of citizenship and the matter in controversy exceeds the value of $75,000.

16. Venue is proper in this District pursuant to 28 U.S.C. §1391 in that the *White* Petition alleges the conduct in question occurred in this District.

17. Marriott has complied with all AMCO policy terms and conditions.

18. AMCO has denied coverage and has further denied providing a defense to Marriott.

19. An actual controversy exists between the parties, pursuant to 28 U.S.C. §2201, §2202 and FRCP 57, and this Court is vested with the power to declare the rights and liabilities of the parties and to give such other and further relief as it deems fit under the circumstances.

WHEREFORE, Plaintiff, Marriott International, Inc., prays this Court enter judgment on Count I against Defendant AMCO Insurance Company and declare Defendant AMCO Insurance Company obligated to defend and indemnify Plaintiff, Marriott International, Inc., as to the *White* Petition, and monetary damages including but not limited to attorneys fees and interest and Court costs, and for such other and further relief as this Court deems just and proper.

## **COUNT II – BAD FAITH – VEXATIOUS REFUSAL TO PAY**

COMES NOW Plaintiff, Marriott International, Inc. ("Marriott"), by and through its undersigned attorneys, Hinshaw & Culbertson LLP and Terese A. Drew, and for Count II for Bad Faith - Vexatious Refusal to Pay, states as follows:

20. Plaintiff adopts and incorporates herein by reference Paragraphs 1 – 18 inclusive of Count I as if fully set forth herein.

21. AMCO's refusal to provide a defense and any indemnity under the AMCO policy was wilful, wanton and without reasonable cause as the facts would appear to a reasonable and prudent person in violation of Missouri Statutes Section 375.296 and Section 375.420.

22. As a direct result of AMCO's vexatious refusal to pay, Plaintiff has suffered damages in excess of $75,000.00.

WHEREFORE, Plaintiff, Marriott International, Inc., prays this Court enter judgment on Count II in favor of Plaintiff, Marriott International, Inc., and against Defendant AMCO Insurance Company in the form of monetary damages, including but not limited to attorneys fees and interest, Court costs, for coverage including defense and indemnification under Defendant

4

12275380v1  897177  58468
Case 2:09-cv-04205-NKL   Document 1   Filed 08/18/09   Page 4 of 5

AMCO's policy of insurance, for punitive damages to deter like conduct by Defendant AMCO and others, and for such other and further relief as the Court deems just and proper.

**HINSHAW & CULBERTSON LLP**

By:    /s/ Terese A. Drew
TERESE A. DREW   #3013
Gateway One
701 Market Street, Suite 1300
St. Louis, MO 63101-1843
P: (314) 241-2600
F: (314) 241-7428
tdrew@hinshawlaw.com
ATTORNEYS FOR PLAINTIFF
MARRIOTT INTERNATIONAL, INC.