UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARRIOTT INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:09-CV-1327 CAS |
| v. ) | |
| ) | |
| AMCO INSURANCE COMPANY, ERNIE ) | |
| WHITE, and COLUMBIA HOTELS, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER OF TRANSFER

This declaratory judgment matter is before the Court on defendant AMCO Insurance Company's ("AMCO") Motion to Dismiss for Improper Venue pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure, and 28 U.S.C. § 1391(a). In the alternative, AMCO requests that the case be transferred to the United States District Court for the Western District of Missouri, Central Division, pursuant to 28 U.S.C. § 1404(a). Plaintiff Marriott International, Inc. ("Marriott") consents to the motion to the extent it seeks transfer to the Western District of Missouri, Central Division. AMCO did not file a reply and the time to do so has passed. For the following reasons, the Court will order this case transferred to the Western District of Missouri, Central Division, pursuant to 28 U.S.C. § 1406(a).

**Discussion**

Marriott's Amended Complaint seeks a declaration that AMCO is obligated under the terms of an insurance policy to defend and indemnify plaintiff against claims asserted against it in an underlying lawsuit, White v. Marriott International, Inc., et al. Marriott asserts that jurisdiction of this matter is based on diversity of citizenship and venue is proper "pursuant to 28 U.S.C. § 1391 in

that the White Petition alleges the conduct in question occurred in this District." Amended Complaint, ¶¶ 17-18. The White Petition attached to the Amended Complaint was filed in the Circuit Court of Boone County, Missouri, which is located in the Western District of Missouri, Central Division.

Pursuant to 28 U.S.C. § 1391(a),

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The parties agree that subsection (2) of § 1391(a) is applicable in this case, and that all of the events and alleged omissions giving rise to the underlying White lawsuit occurred in Boone County, Missouri, which is located in the Western District, Central Division. Venue is therefore improper in the Eastern District of Missouri.

When venue in the original district of filing is improper, 28 U.S.C. § 1406(a), the improper venue statute applies, rather than 28 U.S.C. § 1404(a), the convenience transfer statute. See 17 James Wm. Moore, et al., Moore's Federal Practice, § 111.02[1][a] (3d ed. 2009). Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court finds it would be in the interest of justice to transfer this case rather than dismiss it, to avoid the costs and delay associated with requiring Marriott to refile the case in the transferee

2

district. The facts alleged in the Amended Complaint and as set forth in the parties' memoranda show that the proposed transferee forum, the Western District of Missouri, Central Division, would have proper venue and personal jurisdiction over the defendants. Accordingly, this action could have been brought in that district and division.

Defendant AMCO's motion to dismiss for improper venue will be denied, and its alternative motion to transfer will be granted, but pursuant to Section 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that defendant AMCO Insurance Company's motion to dismiss is **DENIED** and its alternative request for transfer of this matter to the United States District Court for the Western District of Missouri, Central Division, is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Missouri, Central Division, pursuant to 28 U.S.C. § 1406(a).

 

 

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of October, 2009.